Argued and submitted January 30, affirmed August 2, petition for review denied
December 12, 1995 (322 Or 362)

Rolana T. WHEELER,
*Appellant,*

*v.*

Ira O. WILLIAMS, Deceased,
*Respondent.*

(9303-02083; CA A81773 (Control))

In the Matter of the Estate of
Ira O. Williams, Deceased.

Rolana WHEELER,
*Appellant,*

*v.*

ESTATE OF IRA O. WILLIAMS, Deceased,
*Respondent.*

(9309-91594; CA A81774)

900 P2d 1076

Kathryn H. Clarke argued the cause for appellant. With her on the briefs was Doris J. Brook.

John S. Cavanagh argued the cause for respondent. With him on the brief was Cavanagh & Zipse.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiff appeals from the circuit court's dismissal of her personal injury action. On April 3, 1991, plaintiff was injured when the car in which she was a passenger was struck by a vehicle driven by Ira O. Williams, who was insured by Mid-Century Insurance Company. On April 26, 1992, Williams died. Plaintiff did not learn of his death until March 1993.

William's estate was administered pursuant to ORS 114.505 *et seq*, as a small estate. That proceeding had been initiated in May 1992, with the filing of an "Affidavit of Claiming Successor." The affidavit recited that reasonable efforts had been made to ascertain conditions of the estate and that the claiming successor was "not aware of any claims against the estate remaining unpaid or on account of which the affiant or any other person is entitled to reimbursement from the estate." It also recited that no petition for the appointment of a personal representative had been granted in Oregon. No personal representative was appointed within four months after the filing of the affidavit, and the estate closed. William's property listed in the affidavit was transferred to the persons shown in the affidavit to be his heirs. ORS 114.555.[1]

In March 1993, after the estate had been closed, plaintiff's attorney acquired a copy of the affidavit, which listed the decedent's son, Jerry Dale Williams, as claiming successor. On March 31, 1993, plaintiff filed this proceeding naming as defendant "Ira O. Williams, deceased," and alleging a claim for negligence arising out of the automobile accident. On April 1, 1993, service of summons and complaint was made on Douglas Harrison, who had been the attorney for Jerry Williams in the small estate proceeding, and on May 31, 1993, Jerry Williams was also served. Plaintiff also mailed a copy of the complaint to Mid-Century.

---

[1] As relevant, ORS 114.555 provides:

"If a personal representative is not appointed within four months after the filing of the affidavit authorized by ORS 114.515, the interest of the decedent in all of the property described in the affidavit is transferred to the person or persons shown by the affidavit to be entitled thereto, and any other claims against the property are barred."

On May 18, 1993, the putative defendant, referred to by defendant on appeal as "the Estate of Ira O. Williams," filed a motion to dismiss the complaint, on the grounds that the court lacked jurisdiction and that plaintiff had failed to state a claim because the complaint named a dead person as defendant. On June 14, 1993, the court granted the motion without prejudice and entered an order accordingly on July 9.

On June 11, 1993, plaintiff filed a petition in the small estate proceeding, seeking summary review of the administration of the estate. ORS 114.540. The probate court denied her petition. Plaintiff appealed that ruling, but has withdrawn the appeal.

In her personal injury action, plaintiff filed a petition on July 6, 1993, seeking the appointment of Jerry Dale Williams as personal representative. On July 17, 1993, she filed a motion for leave to file an amended complaint substituting "Jerry Dale Williams, personal representative of Ira O. Williams, deceased," as the defendant. On July 27, 1993, the court denied the petition to appoint a personal representative, on the ground that the court lacked jurisdiction to do so, and declined to rule on the motion for leave to file an amended complaint on the ground that, there being no personal representative, there was no person against whom an amended complaint could be filed.

On September 14, 1993, plaintiff filed a petition in the probate department of the Multnomah County Circuit Court, seeking the appointment of Margaret Hogland, plaintiff's attorney's legal assistant, as personal representative of the estate of Ira O. Williams. On October 13, 1993, the court denied the petition as untimely, and dismissed with prejudice the personal injury action on the ground that there was no party defendant against whom the claim could proceed. The court entered judgment of dismissal on that date. This appeal followed.

Plaintiff's assignments of error relate to the failure of the circuit and probate courts to appoint a personal representative of the estate for the purpose of receiving service and representing the estate in the personal injury action, and the subsequent dismissal of the proceedings.

■ An action based on the wrongful conduct or negligence of a deceased person is not maintained against the decedent, but rather against the personal representative of the decedent's estate. ORS 30.080;[2] ORS 115.305.[3] Plaintiff challenges the circuit court's ruling that only the probate department of the circuit court had jurisdiction to appoint a personal representative. Even assuming that that issue is properly before us, we need not decide it. The probate court also declined to appoint a personal representative. Because we agree with the probate court's rationale for not appointing a personal representative, as well as its ruling, we affirm.

■ The probate court refused to appoint a personal representative on the ground that the complaint against the personal representative would have been filed after the statutory period and would not have related back to the original complaint. ORS 12.190(2) provides:

"If a person against whom an action may be brought dies before the expiration of the time limited for its commencement, an action may be commenced against the personal representative of the person after the expiration of that time, and within one year after the death of the person."

The time for the commencement of this action was limited to two years. ORS 12.110. ORS 12.190(2) provides a brief extension of that period to April 26, 1993, which is one year after the date of the death of the decedent. Plaintiff first filed her complaint naming the decedent as defendant on March 31, 1993. Although plaintiff had served summons and complaint on the attorney for the affiant of the small estate within 60 days of the filing of the complaint and within the statutory period for bringing the action, she did not seek the appointment of a personal representative until July 1993, beyond the

---

[2] ORS 30.080 provides:

"Claims for relief arising out of injury to or death of a person, caused by the wrongful act or negligence of another, shall not abate upon the death of the wrongdoer, and the injured person or the personal representatives of the one meeting death, as above stated, shall have a claim for relief against the personal representatives of the wrongdoer as if the wrongdoer had survived, except for those damages provided for in ORS 30.020(2)(e) [relating to punitive damages]."

[3] ORS 115.305 provides:

"All causes of action or suit, by one person against another, survive to the personal representative of the former and against the personal representative of the latter."

statutory period. Thus, the question is whether, if the court had appointed a personal representative at that time, the amended complaint naming the personal representative as defendant would have related back to the original complaint.

ORCP 23 C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

It is conceded that the substantive allegations of negligence and damages are the same in the original and amended complaints. Plaintiff claims to have satisfied the requirement of notice to the party to be brought in by having served the attorney for the affiant of the small estate within the period of limitation. Because we conclude that there has been no notice, we agree with the probate court that there can be no relation back.

The person who plaintiff must have had substituted as the new defendant and who must have received notice of the institution of the action is the personal representative of the estate. The only person who received notice of the proceeding before the running of the Statute of Limitations was the former attorney for the affiant of the small estate. The closed small estate was a nonentity for the purpose of this proceeding and for any purpose. It could not have received notice on behalf of a nonexistent personal representative. Plaintiff did not have a personal representative appointed and served within the statutory period. Accordingly, her complaint was properly dismissed.

Affirmed.