Argued and submitted May 12, 1993, reversed and remanded January 19, 1994

# INDUSTRIAL LEASING CORPORATION,
## an Oregon corporation,
### *Appellant,*

*v.*

# MIAMI ICE MACHINE COMPANY,
## a Florida corporation,
### *Respondent.*

### (9205-03485; CA A76691)

867 P2d 548

Thomas K. Wolf argued the cause for appellant. With him on the briefs were Mark A. Williams and Weinstein, Fischer, Riley, Erickson & Wolf, P.C.

Thomas P. Walsh argued the cause for respondent. On the brief were Timothy F. Haslach, David S. Shannon and Shannon, Johnson & Bailey, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals from a judgment dismissing its complaint for lack of personal jurisdiction. ORCP 21A(2). We reverse and remand.

Plaintiff is an Oregon corporation engaged in the business of leasing equipment and purchasing lessors' interests in equipment leases. Defendant Miami Ice Machine Company is a Florida corporation that leases ice machine products to other businesses. In 1990, defendant entered into an agreement to lease ice machines to South Florida Fish Company (SFFC). Plaintiff then entered into an agreement to obtain the lessor's interest in that lease. The agreement, entitled "Assignment with Recourse," designates "Miami Ice Machine Company Inc." as the assignor and is signed by Dianna Gallagher as president of the company. Plaintiff paid for the assignment by wiring $19,725 to defendant's bank account in Florida.

The assignment agreement provides that, if SFFC defaults, the assignor will repurchase the lease upon written notice from plaintiff. The agreement also contains a forum selection clause:

> "In the event of legal action with regard to the terms of this Assignment, the parties hereto agree that in any such action, any court of general jurisdiction in the State of Oregon shall have jurisdiction over such controversy, and the venue in any such action may be laid in Multnomah County, Oregon, in any court having subject matter jurisdiction."

SFFC failed to make payments to plaintiff. Plaintiff demanded that defendant repurchase the lease in accordance with the terms of the assignment. Defendant refused, and plaintiff brought this action for breach of the assignment agreement. Defendant moved to dismiss, arguing that, because it had never done business in Oregon, it lacked the requisite minimum contacts with the state to confer personal jurisdiction. According to defendant, it did not execute the assignment agreement with plaintiff. Therefore, it concludes, the forum selection clause in that agreement does not apply. Defendant submitted an affidavit of its president, Robert Saltzman, who asserted that his company had never done business in Oregon and that it had not assigned its interest in

the SFFC lease to plaintiff. Saltzman stated that he had been the president of the company since 1965, and that Dianna Gallagher had never been the company's president or its employee at any time, but was merely a prospective purchaser of the company. He further stated that his company had never used the name "Miami Ice Machine Company Inc." but only "Miami Ice Machine Company," and that he had not authorized any assignment of the SFFC lease.

Plaintiff argued that defendant had, in fact, executed the assignment agreement, thus submitting itself to the jurisdiction of the Oregon courts. Plaintiff submitted a copy of the executed assignment along with an affidavit and supporting documentation showing that it had received an invoice for $19,725 on "Miami Ice Machine Company" letterhead for the assignment of the SFFC lease and that it paid "Miami Ice Machine Company" that amount by wiring funds to defendant's bank account in Florida. Plaintiff offered additional evidence that defendant had, in fact, registered the name "Miami Ice Machine Co Inc." with the Occupational License Section of Metropolitan Dade County, Florida.

The trial court granted defendant's motion to dismiss without making any findings. Plaintiff appeals, arguing that the trial court erred in granting defendant's motion. According to plaintiff, because the motion was decided on the basis of evidence outside the pleadings, the trial court should have treated it as a motion for summary judgment. Therefore, plaintiff concludes, the trial court erred in granting the motion, because plaintiff had established at least *prima facie* evidence of personal jurisdiction, and defendant could not disprove jurisdiction as a matter of law. Plaintiff's argument is based solely on federal cases applying FRCP 12(b), which, plaintiff asserts, is analogous to ORCP 21A(2).

Defendant argues that its motion should not be treated as one for summary judgment, because, unlike FRCP 12(b), ORCP 21A expressly authorizes the court to determine the facts relating to personal jurisdiction. Because the trial court granted the motion to dismiss, defendant argues, it must be assumed that the trial court made the necessary findings of fact to reach that conclusion. *Mathews v. Federated Service Ins. Co.*, 122 Or App 124, 132, 857 P2d 852, *rev*

*den* 318 Or 25 (1993). Defendant argues that those assumed findings are borne out by the evidence.

Defendant is correct in its reading of ORCP 21A. The rule provides:

> "If, on a motion to dismiss [for lack of personal jurisdiction or other enumerated grounds], the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present evidence and affidavits, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits."

The comment of the Council on Court Procedures confirms that the grounds for motions to dismiss for lack of personal jurisdiction "are a matter for determination by the court either on the face of a pleading or based on factual material submitted to the court." Merrill, *Oregon Rules of Civil Procedure: 1992 Handbook* 58 (1991). No such language is contained in FRCP 12(b) or its history. The cases applying the federal rule, therefore, are not helpful.

■ Plaintiff acknowledges that ORCP 21A contains language authorizing the court to make findings necessary to determine the existence of personal jurisdiction. Nevertheless, it insists that the rule was not intended to permit the court to exercise that authority when the facts necessary to determine jurisdiction also constitute the facts necessary to determine the merits of the case. In such cases, plaintiff argues, final determination of the facts must await trial, unless defendant can establish that it is entitled to prevail as a matter of law.

We recently rejected a similar argument in *Showalter v. Edwards and Associates, Inc.*, 112 Or App 472, 831 P2d 58, *rev den* 314 Or 391 (1992). In that case we held that, even when the determination of jurisdiction is dependent on resolution of factual issues going to the merits, the trial court is not required to defer its determination of the jurisdictional facts until trial. To the contrary, we said that, as the rule provides, the trial court may determine the jurisdictional facts at the time of the motion to dismiss. 112 Or App at 475 n 1.

■     Plaintiff argues that, regardless of whether the trial court was permitted to weigh the evidence, it erred in concluding that the facts were insufficient to establish personal jurisdiction. On that issue we agree with plaintiff. We review the trial court's assumed findings for any competent evidence, and the legal conclusions that it drew from those findings as questions of law. *See Wescold, Inc. v. Logan International, Ltd.*, 120 Or App 512, 519-20, 852 P2d 960 (1993). The affidavits and exhibits in this case reveal that, although defendant denied ever executing the assignment agreement that contains the forum selection clause, it did not deny that it sent an invoice to plaintiff for the $19,725 in payments required by the assignment agreement. Moreover, it did not deny that plaintiff had wire transferred the full amount into defendant's bank account. Under the circumstances, it is undisputed, at least for the purposes of this motion, that defendant accepted the benefits of the assignment agreement and, therefore, is bound by its terms. *Philips v. Colfax Company, Inc.*, 195 Or 285, 296, 243 P2d 276, 245 P2d 898 (1952).[1] The trial court erred in concluding that it lacked personal jurisdiction.

Reversed and remanded.

---

[1] The parties agreed that Florida law governs the question whether defendant is bound by the assignment agreement. However, Florida law does not appear to be in conflict with Oregon law on the issue. *See, e.g., C.Q. Farms, Inc. v. Cargill, Inc.*, 363 So 2d 379, 382 (Fla App 1978) (when a party accepts benefits of a contract, it also accepts its burdens).