Submitted on record and briefs May 13, reversed and remanded in part; otherwise affirmed October 19, 1994

Ted and Barbara DAUVEN,
husband and wife,
*Appellants,*

*v.*

ST. VINCENT HOSPITAL AND
MEDICAL CENTER,
West Hills Gastroenterology Associates P.C.,
Rodger A. Sleven, M.D.,
*Respondents.*

(C92-0803CV; CA A80389)

883 P2d 241

Ted Dauven and Barbara Dauven filed the briefs *pro sese*.

Barbara L. Johnston, Larry A. Brisbee and Brisbee & Stockton filed the brief for respondent St. Vincent Hospital and Medical Center.

Janet M. Schroer, Mary K. Vanderweele and Hoffman, Hart & Wagner filed the brief for respondents West Hills Gastroenterology Associates P.C. and Rodger A. Sleven, M.D.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiffs appeal from a judgment dismissing their complaint for failure to commence the action within the statute of limitations. ORCP 21A(9). We reverse in part and affirm in part.

■■ In reviewing the granting of a motion to dismiss, we assume the truth of all allegations, as well as any inferences that may be drawn, and view them in the light most favorable to the nonmoving party. *Oksenholt v. Lederle Laboratories,* 294 Or 213, 215, 656 P2d 293 (1982); *Machunze v. Chemeketa Community College,* 106 Or App 707, 712, 810 P2d 406, *rev den* 312 Or 16 (1991). Our review of a motion to dismiss based on the expiration of the statute of limitations, ORCP 21A(9), is limited to what appears on the face of the pleading. ORCP 21A; *O'Gara v. Kaufman,* 81 Or App 499, 503, 726 P2d 403 (1986).

Plaintiffs filed this action in January, 1992, asserting, in part, claims for breach of contract. Defendants moved to dismiss, contending that the gist of those claims was medical malpractice and that they were barred by the two-year statute of limitations in ORS 12.110(4).[1] The trial court agreed with defendants and granted the motion. Plaintiffs assign error to that ruling, arguing that the complaint includes claims for breach of contract and that the applicable statute of limitation is six years. ORS 12.080(1).[2]

■ Plaintiffs' second amended complaint alleges four counts for relief.[3] We write only about the claims alleged in counts one and two. Count one purports to allege a breach of

---

[1] ORS 12.110(4) provides, in part:

"An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered."

[2] ORS 12.080 provides, in part:

"(1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070, 12.110 and 12.135 * * *

"* * * * *

"shall be commenced within six years."

[3] Plaintiffs' "counts" should be denominated as separate claims for relief. *See* ORCP 16.

contract against defendant St. Vincent Hospital and Medical Center. Count two contains identical allegations against defendants Sleven and West Hills Gastroenterology Associates. We take the facts from plaintiffs' second amended complaint.

In December, 1988, plaintiffs and defendants agreed to admit plaintiffs' daughter to defendant hospital for a blood transfusion. The parties also agreed that the daughter

> "would not be subjected to any foods, chemicals, or medications which plaintiffs deemed or suspected to be harmful to their daughter; and, as the available parent, [plaintiff] Barbara Dauven would be notified of any and all substances which were to be administered to the daughter, in order to allow plaintiff Barbara Dauven the right to veto, refuse and prohibit the administration of any substance which she deemed harmful."

Defendants allegedly breached that agreement by administering to the daughter barium, cortisone, and other foods and substances without notice to or the consent of Barbara Dauven, and plaintiffs were damaged. Plaintiffs filed this action in August, 1992.

The issue in this case is whether plaintiffs' claim sounds in tort or in contract. Plaintiffs argue that it was the breach of contract that led to their damages. Defendants argue that, because plaintiffs seek damages arising from medical treatment in counts one and two, those claims are barred by the statute of limitations in ORS 12.110(4).

■ If the complaint sounds in tort, the statute of limitations is two years and the complaint was correctly dismissed; if it sounds in contract, the statute of limitations is six years, and the dismissal was incorrect. To decide that issue, we review the complaint and determine its "real" character. *Securities-Intermountain v. Sunset Fuel*, 289 Or 243, 252, 611 P2d 1158 (1980).[4] In an action for damages against one engaged to provide professional services,

---

[4] That determination depends on which characteristic of a given claim is predominant, considering the factual setting of the dispute, the legal theory derived from those facts, the injuries asserted by the plaintiff or the claimed measure of damages. *Securities-Intermountain v. Sunset Fuel, supra*, 289 Or at 252 n 6.

"[i]f the alleged contract merely incorporates by reference or implication a general standard of skill and care to which the defendant would be bound independent of the contract, and the alleged breach would also be a breach of this contractual duty, then ORS 12.110 applies. * * * Conversely, the parties may have spelled out the performance expected by plaintiff and promised by the defendant in terms that commit the defendant to this performance without reference to and irrespective of any general standard. Such a defendant would be liable on the contract whether he was negligent or not, and regardless of facts that might excuse him from tort liability." 289 Or at 259. (Citation omitted.)

■ Here, plaintiffs have alleged the existence and breach of an agreement that "spelled out" the performance expected by them: Defendants were prohibited from administering any substances to the daughter that *plaintiffs* believed to be harmful. That agreement does not implicate any general standard of care; it is a promise to comply with plaintiffs' conditions for treatment of their daughter. 289 Or at 259 n 9.

Defendants are correct in asserting that plaintiffs have pleaded tort damages.[5] However, plaintiffs have also alleged facts from which one reasonable inference is that they seek damages that resulted from charges made by defendants for services not approved by plaintiffs, in breach of contract.[6] Because the complaint alleges the necessary elements of an action for breach of contract, plaintiffs may proceed on that theory. 289 Or at 260. Moreover, "[i]t would be unjust to bar an action merely

---

[5] Counts one and two contained, in part, these allegations of tort damages:

"15.

"Due to the above mentioned actions by defendants, which were intentional and malicious, [plaintiffs were] caused to suffer extreme mental anguish, the result of which is damages of $25,000.

"* * * * *

"17.

"The defendants' actions were aggravated, willful, wanton, malicious and against societal interest and the type which sanctions tend to prevent; therefore, punitive damages in the amount of $100,000 are requested."

[6] Plaintiffs alleged:

"As a further result of defendants' actions [plaintiffs have] incurred expenses for [their] minor daughter, for further medical treatment and special dietary supplements and the cost of said expenses is $12,000."

because it contain[s] elements of both tort and contract." *Erickson Hardwood Co. v. North Pacific Lumber,* 70 Or App 557, 562, 690 P2d 1071 (1984), *rev den* 298 Or 705 (1985).

We conclude that plaintiffs have adequately pleaded a claim for breach of contract. It was error for the trial court to dismiss counts one and two of their second amended complaint.

Dismissal of counts one and two reversed and remanded; otherwise affirmed.