Submitted on briefs and record September 20, reversed and remanded November 13, 1996

Ted DAUVEN
and Barbara Dauven,
husband and wife,
*Appellants,*

*v.*

ST. VINCENT HOSPITAL AND MEDICAL CENTER,
West Hills Gastroenterology Associates, P.C.,
and Rodger A. Sleven, M.D.,
*Respondents.*

(C92-0803CV; CA A91881)

927 P2d 151

Ted Dauven and Barbara Dauven, filed the briefs *pro sese*.

Janet A. Klapstein, Janet M. Schroer and Hoffman, Hart & Wagner filed the brief for respondents West Hills Gastro-enterology Associates, P.C., and Rodger A. Sleven, M.D. and Barbara L. Johnston, Larry A. Brisbee and Brisbee and

Stockton filed the brief for respondent St. Vincent Hospital and Medical Center.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

In this breach of contract case, plaintiffs appeal from a judgment dismissing their complaint on the grounds that they are not the real parties in interest. The issue here is whether plaintiffs, who allege that defendants breached an oral agreement by charging plaintiffs for medical services rendered to their daughter without first obtaining Barbara Dauven's consent, are precluded from maintaining this action because they are merely acting as agents on the contract for their daughter, a disclosed principal. ORCP 21 A(6). We reverse and remand.

This case is before us for the second time. The facts giving rise to the dispute are adequately stated in our prior opinion and do not need to be repeated here. *Dauven v. St. Vincent Hospital and Medical Center*, 130 Or App 584, 587, 883 P2d 241 (1994). In their first appeal, plaintiffs sought relief from the trial court's judgment dismissing their action on the ground that it was time barred under the tort claims statute of limitations: ORS 12.110(4). We affirmed in part and reversed in part because we believed that the allegations in plaintiffs' complaint, when viewed in the light most favorable to plaintiffs, could be understood to state a claim for breach of contract for which the six-year statute of limitations under ORS 12.080(1) had not yet run. We read plaintiffs' complaint expansively to allege that plaintiffs had a contract with defendant to pay for services rendered by defendants, but only for such services as plaintiffs had previously authorized. Plaintiffs, we understand, claim that they were charged for services rendered to their daughter which they had not previously authorized, in breach of the agreement.

Implicit in our previous decision is our determination that plaintiffs are the real parties in interest. The trial court's conclusion that plaintiffs are not the real parties in interest was erroneous.

Reversed and remanded.