Argued and submitted September 16, vacated and remanded November 26, 2003

Erin RAMIREZ,
*Appellant,*

*v.*

Michael LEMBCKE,
*Respondent,*

*and*

Lorita JARVIS,
*Defendant.*

16-01-12856; A118910

80 P3d 510

Joel S. DeVore argued the cause for appellant. On the briefs were Charles G. Duncan and Raymond J. Bradley.

Maureen Ann DeFrank argued the cause for respondent. With her on the brief was Jaqua & Wheatley, P.C.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

## BREWER, J.

Plaintiff brought this action against defendant Lembcke[1] for personal injuries that she suffered in a motor vehicle accident. The trial court entered a judgment of dismissal on the ground that plaintiff's claim was barred by the applicable statute of limitations. ORCP 21 A(9). Plaintiff appeals, asserting that her claim was not time-barred because the statute of limitations was tolled when, after the accident, defendant left Oregon to reside in Washington. *See* ORS 12.150.[2] Defendant's counsel responds that the trial court correctly dismissed plaintiff's claim for two reasons: (1) the court lacked personal jurisdiction over defendant because he died before the action was commenced; and (2) plaintiff's claim is time-barred because the tolling statute is inapplicable to the present circumstances, and plaintiff did not join the personal representative of defendant's estate as a party before the expiration of the statute of limitations. We conclude that the court lacked personal jurisdiction over defendant. Therefore, as explained below, we vacate and remand for further proceedings.

On June 29, 2001, plaintiff filed this action against defendant. The complaint alleged that, on November 19, 1999, defendant negligently collided with the vehicle in which plaintiff was a passenger, causing her personal injuries. The complaint contained no allegations concerning the status of defendant, whether deceased or alive, nor did it name a representative party on his behalf.

---

[1] In a separate judgment, the trial court dismissed plaintiff's claim against defendant Jarvis with leave to refile it within 60 days after the entry of final judgment on this appeal. Plaintiff's claim against Jarvis is not at issue here. Accordingly, throughout this opinion we refer to Lembcke as defendant.

[2] ORS 12.150 provides:

"If, when a cause of action accrues against any person, the person is out of the state and service cannot be made within the state or the person is concealed therein, such action may be commenced within the applicable period of limitation in this chapter after the return of the person into the state, or after the termination of the concealment of the person; and if, after a cause of action has accrued against a person, the person shall depart from and reside out of this state, or if the person is concealed therein, the time of the absence or concealment of the person shall not be deemed or taken as any part of the time limited for the commencement of such action."

On April 25, 2002, defendant's counsel filed a motion to dismiss the complaint. Counsel asserted that defendant had died before the action was commenced and, therefore, the court lacked personal jurisdiction over him. As a separate ground for dismissal, counsel asserted that the statute of limitations had expired before plaintiff properly served defendant or his personal representative with summons and complaint.

The parties filed affidavits supporting and opposing defendant's motions, stating the following facts: At the accident scene, defendant provided plaintiff with a Washington residence address and said that he intended to return to Washington two weeks later. On September 23, 2001, plaintiff attempted to serve defendant with summons and complaint at the Washington address. Defendant's wife informed plaintiff's process server that defendant had died on September 27, 2000. Plaintiff took no further steps to prosecute the action before December 13, 2001, when the trial court entered a judgment dismissing the action against defendant for want of prosecution. On December 17, 2001, plaintiff filed, and the court granted, a motion to set aside that judgment and it allowed plaintiff additional time to arrange for the appointment of a personal representative for defendant's estate. A personal representative eventually was appointed, and, on March 19, 2002, plaintiff served him with summons and a copy of the original complaint that named Lembcke, not the personal representative, as defendant.

In response to defendant's motion to dismiss, plaintiff argued that the statute of limitations was tolled under ORS 12.150 from the time of defendant's departure from Oregon until his death. According to plaintiff, the period within which she could commence the action therefore was extended to August 17, 2002.[3] From that conclusion, she reasoned that time remained for the amendment of her complaint to substitute the personal representative as defendant,

[3] Plaintiff states in her brief on appeal that 9 months and 26 days passed between defendant's departure from Oregon two weeks after the accident until his death. By our calculations, that period encompassed only 9 months and 24 days. Based on plaintiff's premise, the limitation period would be extended to September 12, 2002, not August 17, 2002.

thereby curing any jurisdictional defect. In her response to the motion to dismiss, plaintiff sought leave to file and serve a supplemental complaint on defendant's personal representative.

Defendant's counsel replied that ORS 12.150 does not apply to nonresident defendants who are subject to out-of-state service. Counsel also argued that a supplemental complaint substituting the personal representative as defendant would not relate back to the original complaint because the personal representative did not receive notice of the commencement of the action within the limitation period. *See* ORCP 23 C (allowing substitution of a defendant if, within the limitation period, the intended defendant had notice of the action and knew that, but for a mistake, he or she would have been named in the complaint).

On August 1, 2002, the trial court entered a judgment dismissing the action on the ground that "Plaintiff has not properly served this Defendant and therefore has not commenced her action as against Defendant Lembcke within the time limited by statute." The court did not address defendant's motion to dismiss for lack of personal jurisdiction, nor did it rule on plaintiff's request to file a supplemental complaint changing the defendant.

On appeal, the parties renew their arguments made to the trial court. The record on defendant's motion to dismiss for lack of personal jurisdiction consists of the pleadings and the evidence, including affidavits, that the parties presented before the trial court. ORCP 21 A; *Industrial Leasing Corp. v. Miami Ice Machine Co.*, 126 Or App 80, 83-84, 867 P2d 548 (1994). However, our review of the motion to dismiss based on the expiration of the statute of limitations is limited to what appears on the face of plaintiff's complaint. ORCP 21 A; *Dauven v. St. Vincent Hospital*, 130 Or App 584, 586, 883 P2d 241 (1994); *O'Gara v. Kaufman*, 81 Or App 499, 503, 726 P2d 403 (1986).[4]

---

[4] The difference between those standards creates a discontinuity in the record; that is, we are authorized to consider all of the parties' evidentiary submissions to the trial court to the extent that they are germane to the issue of personal jurisdiction, but we could not consider that evidence with respect to the statute of limitations issue. Because, as explained below, we do not reach the statute of limitations issue, that discontinuity is academic in this case.

■   Our analysis begins and ends with the jurisdictional issue. It is undisputed that defendant died before this action was commenced. Plaintiff later had a personal representative appointed for defendant in Washington. Plaintiff then served the personal representative with summons and complaint. However, plaintiff never filed an amended or supplemental complaint naming the personal representative as defendant. Because the only named defendant is a deceased person, the trial court did not have personal jurisdiction over him. *See Wheeler v. Williams*, 136 Or App 1, 4-6, 900 P2d 1076, *rev den*, 322 Or 362 (1995) (implicitly approving trial court's predicate decision to dismiss a complaint on the ground that the court lacked jurisdiction because "the complaint named a dead person as defendant"); *cf. Smith v. Wells*, 128 Or App 492, 498, 876 P2d 850 (1994) (holding that, where a supplemental complaint, substituting as defendant the personal representative of a deceased defendant's estate, is filed and served within the statutory time limit, it is "sufficient to commence the personal injury action against the estate").

■   Plaintiff remonstrates that, if the decedent's name remains on the complaint, then a claim may still be pursued based on ORS 115.005(4) and (5). ORS 115.005 provides, in part:

"(1)   *Claims against the estate of a decedent*, other than claims of the personal representative as a creditor of the decedent, *shall be presented to the personal representative.*

"* * * * *

"(4)   Claims not presented within two years after the death of the decedent or within the applicable statute of limitations, whichever is earlier, are barred from payment *from the estate.*

"(5)   *This section does not affect or prevent:*

"* * * * *

"(b)   *To the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which the decedent or personal representative is protected by liability insurance at the time the proceeding is commenced.*"

(Emphasis added.) Plaintiff appears to argue that, because paragraph (b) of subsection (5) refers to "liability of the decedent," a deceased person, rather than his or her personal representative, may be sued "to the limits of insurance protection." We disagree.

■ First, it is apparent from the text of ORS 115.005(1) that the subject matter of the entire statute concerns claims against the *estates* of decedents, not claims against decedents *personally*. The liability of a decedent can—in fact, must—be determined in an action against his personal representative or successors in interest. *See* ORS 115.305 (providing that "[a]ll causes of action or suit, by one person against another, survive to the personal representative of the former and against the personal representative of the latter"). That conclusion is reinforced by other statutes governing the survival of claims against deceased persons. ORS 12.190(2), which applies to circumstances where, as here, the decedent died before an action against him was commenced, provides:

> "(2) If a person against whom an action may be brought dies before the expiration of the time limited for its commencement, an action may be commenced against the personal representative of the person after the expiration of that time, and within one year after the death of the person."

Moreover, ORCP 34, which applies when the defendant has died during the pendency of an action, provides, in part:

> "B   In case of the death of a party, the court shall, on motion, allow the action to be continued:
>
> "* * * * *
>
> "B(2)   Against such party's personal representative or successors in interest at any time within four months after the date of the first publication of notice to interested persons, *but not more than one year after such party's death.*"

In all events, an action cannot be maintained against a deceased person. The proper defendant is the personal representative of the decedent's estate or the decedent's successor in interest. *See Bisbee v. Mallicott*, 293 Or 797, 799, 653 P2d 239 (1982) (holding that, when a party dies before the entry of a final judgment and before an appeal is taken, the

decedent's personal representative must be substituted as a party).

Plaintiff also points out that she sought leave from the trial court to file a supplemental complaint naming the personal representative as defendant and that "[t]he trial court did not grant defendant's motion to dismiss based on failure to amend the complaint to substitute the personal representative." Although those assertions are correct, they are beside the point. Because the court lacked personal jurisdiction over the only named defendant, it had no reason to consider whether any claim against defendant or his personal representative was time-barred. Further, the trial court did not rule on plaintiff's motion to file a supplemental complaint, and plaintiff does not make any assignment of error regarding that issue.

■ Because the trial court lacked personal jurisdiction over defendant, it follows that the court correctly dismissed plaintiff's complaint, but for the wrong reason. Our sole remaining task is to determine the proper disposition of the case. Having concluded that plaintiff's claim was time-barred, the trial court dismissed the action with prejudice. Our conclusion that the trial court lacked personal jurisdiction over defendant counsels against affirmance of the judgment dismissing the action with prejudice because the court did not address plaintiff's request to file a supplemental complaint substituting the personal representative as defendant. The trial court is free to consider that issue on remand before entering a final judgment.

Vacated and remanded.