Submitted on briefs March 18; affirmed July 10, 1930

## DE YOUNG ET AL. v. ROBERTSON

(289 P. 1051)

R. M. *Andrews* of Portland for appellant.
B. G. *Skulason* of Portland for respondents.

■ ROSSMAN, J. Only two of the numerous exceptions, enumerated in the bill of exceptions, are argued in the appellant's brief; hence we shall confine our attention to these two only: See rule 12, Rules of the Supreme Court, 123 Or. 685.

■■ It is first contended that the pleading entitled an "answer in abatement" was in fact a plea of that type, and that the circuit court erred when it construed it otherwise. That pleading denied liability on the part of the defendant, and put in issue the merits of plaintiffs' claim. Had the circuit court sustained the so-called plea in abatement the defendant would have been discharged from liability and the plaintiffs would have been unable to maintain any further action against him. In fact, we can detect no substantial difference between the first pleading filed by the defendant and his second one, except that the latter recites details omitted from the first. It will be observed that the prayer, which concludes the so-called plea in abatement, does not pray for an abatement of the cause, but demands that it be dismissed and that the defendant recover his costs. It is clear that this pleading was in bar and not in abatement. Even a cursory examination of the authorities readily reveals that in an action upon a contract a defendant can not convert a general denial into a plea in abatement by using language argumentative in form and accompany-

ing it with self-serving declarations that some third party is liable upon the debt: Andrews Stephen's Pleading, (2d Ed.) § 100; Pomeroy's Code Remedies, (5th Ed.) § 573; 49 C. J., Pleading, p. 223, § 262, *Sutherlin v. Bloomer,* 50 Or. 398 (93 P. 135); *Walker v. Hewitt,* 109 Or. 366 (220 P. 147, 35 A. L. R. 100); *Credit Service Co. v. Korn,* 121 Or. 685 (256 P. 1047); *The Pitts Sons' Mfg. Co. v. Com'l Nat. Bank,* 121 Ill. 582 (13 N. E. 156). There is no merit to this assignment of error.

 The other assignment of error argued in the brief contends that the evidence does not warrant a judgment in favor of the plaintiffs. The findings sustained the complaint, and, since they have the effect of a verdict of a jury, it follows that, if they are supported by substantial evidence, we are bound by them. The plaintiffs supplied competent evidence showing that the defendant requested their services in the preparation of the plans and specifications for these two buildings; that the defendant agreed to pay for their services the sum of $3,000 ninety days after the completion of the plans; that at the conclusion of the conference, wherein this oral agreement was effected, the defendant asked the plaintiffs to prepare and mail to him a letter reciting the terms of the agreement; that the letter was received by the defendant; that he made no objections whatever at any time to the recitals contained in it; that subsequently the plaintiffs prepared all of the necessary plans and specifications; that having done so they delivered them to the defendant and various contractors upon his request; and, finally, that more than 90 days elapsed after these various acts had been done without payment being forthcoming. The evidence submitted by the defendant conceded that he had held several conferences with the plaintiffs concerning the preparation of plans and

specifications for these two buildings; that following the preparation of those documents he received them; and that he also received the letter above mentioned without making any objections whatever to the statements contained in it. He contended, however, that he was not acting for himself but for the Twin City Building company, which was later organized, and that the agreement provided that the plaintiffs should be paid for their services, after the buildings had been erected, out of a building loan which the parties contemplated could be obtained.

It will be observed that the plaintiffs submitted substantial, competent testimony in support of their complaint and of the findings of the circuit court. We deem it unnecessary to determine the liability of a promoter when his representative capacity is known to the other party with whom he deals. In this case the plaintiffs deny that they had any knowledge of the Twin City Building company at the time when their services were engaged. They testified that they had practically completed their work before they received any information concerning that corporation and that they dealt with the defendant throughout as their client.

Under these circumstances it is clear that we can not disregard the findings, and, such being the situation, the judgment of the circuit court must be affirmed.

CosHow, C. J., and McBride, J., concur.

Rand, J., concurs in result.