Argued and submitted July 12, reversed and remanded September 18, 1985

## DE YARMAN ALLERGY AND ASTHMA CLINIC,
*Appellant,*

*v.*

## ADLER,
*Respondent.*

## (84-2910-J-3; CA A34099)

706 P2d 560

Karen C. Allan, Medford, argued the cause for appellant. With her on the brief was Foster & Purdy, Medford.

Sandra Sawyer, Medford, argued the cause for respondent. With her on the brief was Grant, Ferguson & Carter, P.C., Medford.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff is a medical clinic specializing in allergies and asthma. Defendant is a physician trained in that field. In August, 1983, the parties entered an employment agreement[1] under which defendant was to work for plaintiff from August

---

[1] "1. *EMPLOYMENT:* Corporation employs employee and the employee agrees to work for the corporation on the terms set forth herein, said employment to commence on August 1, 1983 or at such earlier date as the parties may agree and shall continue until July 31, 1984 unless otherwise earlier terminated as provided for herein.

"2. *TERMINATION:* Either party may terminate this agreement for any reason upon giving 30 days' written notice to the other.

"Notwithstanding the foregoing, this agreement may be terminated by either party effective immediately upon written or oral notice in the case of employee's loss of license. If either party serves notice of termination of employment, employee will only be entitled to unpaid salary to the date of termination. If employee terminates on or before October 31, 1983, employee shall repay within 60 days from the date of termination all salary and other expenses incurred by corporation arising out of this agreement.

"* * * * *

"11. *COVENANT NOT TO COMPETE:* In the event either corporation or employee shall terminate employee's employment with corporation, with or without cause, employee agrees that he will not, for a period of two years after the termination of such employment, engage in the practice of medicine within Jackson and Josephine counties, Oregon as an individual, partner, stockholder, director or officer of any corporation, as an agent or employee of any other party, or by any other direct or indirect means. In the event employee shall compete with corporation during the time period stated above, such time period shall be extended by a period of time equal to the time employee is so engaged in competition. Employee further agrees that during such time period he will not solicit any patients of the corporation with whom he had contact in person, by telephone or other means while employed by corporation, or whose names were contained in any patient lists of corporation to which employee had access during his period of employment.

"The provisions of this covenant shall continue to be effective notwithstanding any change in employee's duties, capacity with the corporation or change in the amount or method of determining employee's compensation and shall continue so long as employee is employed by corporation under this employment agreement or any future employment agreement whether oral or written. So long as employee is employed by corporation, this agreement may only be terminated by a written instrument executed by both parties hereto.

"If either the length of time or the area covered by this agreement shall be determined to be unreasonable, this agreement shall be enforceable for a reasonable time and within a reasonable area as determined by the court. If employee violates any of the provisions of this agreement, corporation shall be entitled to an injunction enjoining or restraining employee from continuing such violation and in addition corporation shall be entitled to recover such damages as corporation may have suffered as a result of such violation."

1, 1983, "until July 31, 1984," unless the employment was terminated earlier by either party. The agreement included a covenant not to compete which provided that, if either party were to terminate the employment, defendant would not practice medicine in Jackson or Josephine Counties for a period of two years. The covenant was to "continue so long as employe is employed by corporation under this employment agreement or any future employment agreement whether oral or written."

In plaintiff's action under the agreement, it pleaded that "on or about July 31, 1984," defendant terminated his employment with plaintiff and that "[on] about August 1, 1984," he opened a medical practice specializing in adult and pediatric allergies in a suite in the same building as plaintiff's office. The trial court dismissed plaintiff's complaint on the ground that the covenant not to compete was no longer in force at the time of the purported breach on August 1, because it had expired at the end of the employment contract on July 31. However, the contract provided that employment was "to commence on August 1, 1983, or at such earlier date as the parties may agree, and shall continue *until* July 31, 1984, unless otherwise earlier terminated as provided for herein." (Emphasis supplied.) The exact expiration time, *i.e.,* midnight July 30 or midnight July 31, is a question of fact.

In reviewing the dismissal, we accept as true the facts pleaded by plaintiff. *Sager v. McClenden,* 296 Or 33, 35, 672 P2d 697 (1983). Plaintiff pleaded that "on or about July 31, 1984, defendant terminated his employment with plaintiff." The covenant not to compete was to become effective by its terms on "termination." Unless the employment agreement terminated before July 31 or the parties did not intend the covenant to be enforceable if defendant's employment were to end merely by reason of the expiration of the term of the agreement, the pleaded facts are sufficient to support liability. Under the complaint those fact questions were not before the trial court on the motion to dismiss. Therefore, dismissal was improper, and we reverse and remand.[2]

---

[2] In *Deerfield Commodities v. Nerco, Inc.,* 72 Or App 305, 317, 696 P2d 1096, *rev den* 299 Or 314 (1985), we wrote:

"As a general rule, the construction of a contract is a question of law. If the court determines that language of a contract is ambiguous, evidence may be

Reversed and remanded.

---

admitted relating to the intention of the parties, and that question becomes one of fact. *Timberline Equip. v. St. Paul Fire & Mar. Ins.,* 281 Or 639, 643, 576 P2d 1244 (1978). A contract provision is ambiguous if it has no definite significance or if it is capable of more than one sensible and reasonable interpretation; it is unambiguous if its meaning is so clear as to preclude doubt by a reasonable person. *May v. Chicago Insurance Co.,* 260 Or 285, 490 P2d 150 (1971); *Oakridge Cablevision v. First Interstate Bank,* 65 Or App 640, 673 P2d 532 (1983). In determining whether a contract is ambiguous, parol evidence is admissible to explain the circumstances under which it was made. Although the evidence may not vary the terms of the written agreement, it can place the judge 'in the position of those whose language is being interpreted.' ORS 42.220; *Welch v. U.S. Bancorp,* 286 Or 673, 690-92, 596 P2d 947 (1979); *Card v. Stirnweis,* 232 Or 123, 128-31, 374 P2d 472 (1962); *Taylors Coffee Shop v. Taylor,* 56 Or App 419, 643 P2d 347, *rev den* 293 Or 235, 648 P2d 852 (1982)."

In the present case, the trial court must determine whether the employment contract expired or whether it was "terminated" according to the terms of the instrument. If the court finds that the contract expired, then it must determine whether the contract is ambiguous with respect to what conditions make the covenant not to compete operable. If the court concludes that the contract is ambiguous on that issue, then extrinsic evidence of the parties' intention as to the operation of the noncompetition agreement would be admissible. In either event, evidence is admissible to explain the circumstances under which the contract was made.