Argued and submitted June 13, the decision of the Court of Appeals and judgment of the circuit court reversed and remanded to circuit court for further proceedings July 13, 1989

MELVIN,
*Petitioner on Review,*

*v.*

KIM'S RESTAURANT, INC., et al,
*Respondents on Review.*

(TC 86-1085-J-3; CA A46527; SC S35873)

776 P2d 1286

Thad M. Guyer, Medford, argued the cause and filed the petition for petitioner on review.

Alan B. Holmes, Medford, argued the cause for respondents on review.

PER CURIAM

## PER CURIAM

Plaintiff, formerly a waitress at defendants' restaurant, filed a complaint alleging that she was discharged because of pregnancy and claiming relief on grounds of sex discrimination, ORS 659.030(1)(a), handicap discrimination, ORS 659.425, and wrongful discharge. The circuit court dismissed the claims for handicap discrimination and wrongful discharge and submitted the sex discrimination claim to an arbitrator, who ruled for defendants. On plaintiff's appeal of the handicap discrimination claim, the Court of Appeals affirmed the dismissal without opinion. *Melvin v. Kim's Restaurant,* 94 Or App 185, 764 P2d 984 (1988). Lacking any indication of the basis of that affirmance, we allowed review. For the following reasons, we reverse the decision of the Court of Appeals and the dismissal of plaintiff's claim under ORS 659.425 and remand the case to the circuit court for further proceedings.

The relevant terms of ORS 659.425 provide:

"(1)   * * * [I]t is an unlawful employment practice for any employer to * * * discharge from employment * * * because:

"(a)   An individual has a physical or mental impairment which, with reasonable accommodation by the employer, does not prevent the performance of the work involved;

"(b)   An individual has a record of a physical or mental impairment; or

"(c)   An individual is regarded as having a physical or mental impairment."[1]

The statute defines a handicapped person as one "who has a physical or mental impairment which substantially limits one or more major life activities, has a record of such an impairment or is regarded as having such an impairment." ORS 659.400(2) (miscited by plaintiff as ORS 659.030(2)). "Major life activity" includes employment. ORS 659.400(3)(a). The statute further defines the phrase "is regarded as having an impairment" to mean that an individual:

"(A)   Has a physical or mental impairment that does not

---

[1] ORS 659.121(2) (miscited by defendants as ORS 659.045) provides a civil action for damages for violation of ORS 659.425.

substantially limit major life activities but is treated by an employer or supervisor as having such a limitation;

"(B) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of others toward such impairment; or

"(C) Has no physical or mental impairment but is treated by an employer or supervisor as having an impairment."

Plaintiff alleged that defendants discharged her because she was pregnant, specifically that defendants found her pregnancy esthetically displeasing to themselves, other employees, and some customers; that defendants were motivated by fear that her health and that of her fetus could be jeopardized and that defendant's insurance premiums might be increased. She further alleged that her pregnancy was not interfering with her work and that she was completely healthy and could continue her work without risk. With respect to discrimination for physical impairment, the second amended complaint stated:

"8. The defendants discharged plaintiff based upon any physical impairment she may have had caused by her pregnancy, and without defendants having made reasonable accommodations for that impairment.

"9. The plaintiff's pregnancy did not interfere with her employment, but alternatively, the defendants discharged plaintiff because they regarded her pregnancy as a physical impairment."

Defendants moved to dismiss this claim on grounds that the handicap discrimination law is not directed at pregnancy and that plaintiff had failed to allege a "true handicap" as the basis for her discharge. The circuit court's order allowed the motion to dismiss without further explanation.

In assigning this dismissal as error on appeal, plaintiff quoted an opinion of the Court of Appeals that ORS 659.425(1)

"extends protection, not only to persons who have physical or mental impairments that substantially limit major life activities, but also to persons having physical or mental impairments that do not substantially limit major life activities but who are treated by employers as having such limitations. ORS

659.400(3)(c)(A). The question then becomes whether plaintiff's color vision deficiency has been treated by defendant, his employer, as being an impairment which substantially limits a major life activity."

*Quinn v. Southern Pacific Transportation Co.,* 76 Or App 617, 626, 711 P2d 139 (1985).

On the question whether a temporary condition could qualify one as a "handicapped person," plaintiff quoted an interpretive rule of the Bureau of Labor, OAR 839-06-240:

"(1)  Some impairments may be temporary or mutable in nature. Short-term physical or mental impairments leaving no residual disability or impairment are not handicaps within the meaning of the statute and these rules, except where they are erroneously perceived by the employer as disabling or impairing. Examples include but are not limited to flu, common cold, or sunburn. * * *"

**1.**  There is no reason in this case to hold that pregnancy either "is" or "is not" an impairment as a matter of law. The statute does not refer to pregnancy or to any other specific physical or mental condition.[2] The effects of a condition on a person and the extent to which it limits "major life activities" such as employment can differ among persons and among jobs. The duration of the condition also may have different importance for different kinds of employment. Moreover, ORS 659.400 defines and thereby protects two distinct circumstances: an actual impairment and a condition regarded or treated as an impairment by others. When a worker claims to be a "handicapped person" under the first part of the definition, the worker asserts that she actually has a physical or mental impairment that limits a major life activity such as employment, and the employer may deny that this is so. When the worker claims to be handicapped under the second part of the definition, she may assert that she is not in fact impaired but that the employer treats her as if she were impaired, and the employer may deny that he regards or treats her as impaired. It is doubtful that the legislature, in extending protection to a person who denies being impaired but who is

---

[2] A subsequent statute, Or Laws 1977, ch 330, *codified in* ORS 659.029, prohibits unequal treatment of employees by reason of pregnancy, but there is no indication that this more specific statute meant either to affirm or to affect whatever protection a pregnant worker might have under the handicap discrimination law.

regarded or treated as if she were, meant that the person must show that what she claims is *not* an impairment nevertheless would be an impairment if it existed or were more severe. If that is what the legislature meant, ORS 659.400 does not say it.

No doubt there are complex and debatable questions concerning the coverage of this section. We do not foreclose any issues arising from particular factual situations, but we need not anticipate them at this stage. This case only concerns the adequacy of plaintiff's pleading of ultimate facts.

Defendants' response to plaintiff's appeal from the dismissal did not assert that a worker discharged on grounds of pregnancy could not make a claim of handicap discrimination. To the contrary, defendants' brief conceded that one or more theories of recovery may have been available to her, including but not limited to an action under ORS 659.045 for unjust termination by reason of an actual or employer-perceived handicap.[3] Instead, the response noted that the employer's answer to the third amended complaint, based on sex discrimination, denied plaintiff's factual allegations and instead alleged that she was discharged on grounds of unsatisfactory performance and attitude. Defendants argued that the factual issues relevant to the handicap discrimination claim were fully presented in the sex discrimination claim for the same discharge from employment, and that plaintiff did not appeal the arbitrator's adverse decision.

■ Since this was the posture of the parties before the Court of Appeals, the court's silence leaves the inference that it accepted defendants' argument. If so, the court erred. Disputed factual issues cannot be decided on a motion under ORCP 21(A)(8) to dismiss a complaint for failure to state a claim, nor can the effect of an arbitrator's subsequent decision of a factually related claim be raised in support of that motion. The case therefore must be returned to the circuit court.

The decision of the Court of Appeals and the judgment of the circuit court are reversed, and the case is remanded to the circuit court for further proceedings.

---

[3] ORS 659.045 deals with other matters; defendants may have miscited it for ORS 659.121(2), *supra* n 1, on which plaintiff based her claim.

**PETERSON, C. J.,** concurring.

I concur in the result notwithstanding considerable doubt as to the correctness of the majority opinion.

ORS Chapter 659 defines a number of unlawful employment practices and creates various causes of action in favor of employees whose rights have been violated. Women discharged because they are pregnant have a claim under ORS 659.029 and 659.030. ORS 659.030(1) (a) makes it an unlawful employment practice for an employer to discharge an individual because of the individual's sex. ORS 659.029 defines the phrase "because of sex" to include "because of pregnancy," and also states that pregnant women "shall be treated the same for all employment-related purposes * * * as other persons not so affected * * *." ORS 659.121(1) permits a civil suit to recover back pay, injunctive relief, and attorney fees. The plaintiff has a remedy under these statutes.

It is less clear whether she has a claim under ORS 659.400 and 659.425. Neither statute defines the meaning of "a physical or mental impairment." The act appears to be directed at more-or-less permanent conditions that "substantially [limit] one or more major life activities." ORS 659.400(2). Pregnancy may not be such an impairment.

I fear that the majority's construction may expand liability beyond the legislative intent. Under the majority opinion, the rights under ORS 659.425(1)(c) have few limits. We have effectively recognized a cause of action against an employer who discharges a left-handed person because the employer perceives that left-handedness is a substantial limitation on a major life activity, even though left-handedness is not such a limitation.

I have more than a little disquiet with the majority result, but because my uncertainty hovers at about the 49 percent level, I nonetheless join in the result.

Gillette, J., joins in this concurring opinion.