## KEVIN McCLAFLIN,
*Appellant,*

*v.*

## WRIGHT,
*Respondent.*

(CV88-524; CA A60468)

788 P2d 1027

Kurt C. Bendixsen, Hermiston, argued the cause for appellant. With him on the brief was Garry L. Reynolds, P.C., Hermiston.

Keith W. Wingfield, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

**RICHARDSON, P. J.**

Petitioner appeals a judgment dismissing his petition for post-conviction relief. He challenges only the dismissal of his claim that he received ineffective assistance of counsel. He contends that the court erred by dismissing that claim without a hearing. We reverse and remand.

Petitioner was arrested in California on an Oregon arrest warrant and held for extradition. He waived extradition and was returned to Oregon for trial on a charge of burglary in the second degree. After his return to Oregon, he pleaded guilty to burglary in the second degree and was sentenced to incarceration. He did not appeal that judgment.

Petitioner filed a petition for a writ of *habeas corpus* that he later converted to a petition for post-conviction relief. In his second amended petition, he sought relief on the ground that he

"was indigent and a counsel was appointed to represent him at trial. [Petitioner] believes the imprisonment is illegal and the proceedings as set forth above resulted in a substantial denial of [his] rights as follows:

"(a)   [Petitioner] was not advised of his rights as required under [the] Uniform Criminal Extradition Act.

"(b)   [Petitioner's] counsel failed to advise [him] he could appeal the above issues and as a result failed to protect [petitioner's] right to an appeal."

Defendant moved to dismiss the petition on the ground that the court lacked subject matter jurisdiction, because petitioner challenged only the California extradition proceeding, not the proceeding resulting in his imprisonment. ORCP 21A(1). The post-conviction court agreed that it lacked jurisdiction to consider a challenge to the extradition proceeding; however, it interpreted petitioner's second allegation as being directed to his trial counsel's failure to advise him of his right to appeal from the Oregon *criminal proceeding.* The court concluded that that contention was without merit, because the record of the criminal proceeding showed that the trial court had informed petitioner of his right to appeal. Consequently, the court dismissed that claim on the merits.

Petitioner does not challenge the court's conclusion

that it lacked jurisdiction to consider the extradition proceedings. He contends, however, that the court went beyond the scope of the motion to dismiss by not according him a hearing and by making a finding on the merits.

Defendant contends, first, that dismissal was appropriate, because petitioner's allegation of ineffective assistance was based on his counsel's failure to advise him that he could appeal from the extradition proceedings. Consequently, defendant argues, the allegation was dismissed on jurisdictional grounds. However, the court interpreted the claim as being directed at counsel's failure properly to advise him of his right to appeal from the criminal proceeding. The court did not dismiss the second claim on a jurisdictional ground.

Neither defendant nor the court indicated that the second allegation was being considered on the merits outside the confines of a motion to dismiss on jurisdictional grounds. The court nonetheless considered the merits and made a factual determination that post-conviction relief was unavailable without according petitioner the opportunity to present evidence or to be heard otherwise on the claim. Because the merits of the petition were not before the court on the motion to dismiss, the court erred in dismissing it on the merits. *See De Yarman Allergy and Asthma Clinic v. Adler,* 75 Or App 141, 706 P2d 560 (1985).

Defendant argues, nonetheless, that the court

"conducted a hearing on the merits of the allegation, found the allegation contradicted by the record, and denied petitioner the requested relief. Petitioner has no right to expect more."

However, the fact that the court, after the criminal trial, had advised him of his right to appeal may, or may not, be conclusive on petitioner's allegation of ineffective assistance of his *counsel.* The court should have reserved its determination until after a proper hearing. ORS 138.620.[1]

---

[1] ORS 138.620 provides:

"(1) After the response of the defendant to the petition, the court shall proceed to a hearing on the issues raised. If the defendant's response is by demurrer or motion raising solely issues of law, the circuit court need not order that petitioner be present at such hearing, so long as petitioner is represented at the hearing by counsel. At the hearing upon issues raised by any other response, the circuit court shall order that petitioner be present.

"(2) If the petition states a ground for relief, the court shall decide the issues raised and may receive proof by affidavits, depositions, oral testimony or other competent evidence. The burden of proof of facts alleged in the petition shall be upon the petitioner to establish such facts by a preponderance of the evidence."

Reversed and remanded.