Argued and submitted July 15, 1992, affirmed March 17, 1993

SUNRISE EXPRESS, INC.,
a Washington corporation,
*Appellant,*

*v.*

RHETT VOTAW & CO., INC.,
a California corporation,
*Respondent,*

*and*

CERTIFIED AEROSPACE, INC.,
a Washington corporation,
dba Allstar Aerospace;
and The Kingman Agency,
*Defendants.*

(9108-05591; CA A73875)

848 P2d 1255

Dana R. Taylor, Portland, argued the cause for appellant. With him on the brief was Hagen, Dye, Vial & Hirschy, P.C., Portland.

Kim E. Hoyt, Salem, argued the cause for respondent. With her on the brief was Ferder, Ogdahl, Brandt & Casebeer, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

LEESON, J.

* Leeson, J., *vice* Buttler, J., retired.

### LEESON, J.

■        Plaintiff, a Washington corporation, sued defendant Rhett Votaw & Co. (Votaw), a California corporation, for breach of contract. Votaw moved to dismiss for lack of personal jurisdiction, and submitted a supporting affidavit. Votaw's motion was granted, and plaintiff appeals. We construe the pleading and affidavit liberally in favor of jurisdiction, *State ex rel Michelin v. Wells*, 294 Or 296, 301, 657 P2d 207 (1982); *Marvel v. Pennington GMC, Inc.*, 98 Or App 612, 780 P2d 760 (1989), and affirm.

Votaw contracted with defendant Kingman Agency (Kingman), an Arizona firm, for Kingman to arrange shipment of Votaw's freight from Washington to California. All costs for arranging for the shipment and shipping the freight were included in Kingman's fee. Kingman, as Votaw's agent, arranged with plaintiff, a Washington corporation, "that plaintiff would transport freight by truck for Votaw * * * through Oregon." The freight was transported through Oregon and delivered to Votaw in California. Votaw paid Kingman, but Kingman did not pay plaintiff. Plaintiff sued Votaw and Kingman in Oregon for breach of contract, seeking payment of the contract price and attorney fees.[1] The trial court entered a default judgment against Kingman and granted Votaw's motion to dismiss as to it for lack of personal jurisdiction. ORCP 21A(2).

Plaintiff argues that Oregon has personal jurisdiction over Votaw pursuant to ORCP 4E(1), which provides jurisdiction over the defendant where the action

"[a]rises out of a promise made anywhere to the plaintiff * * * by the defendant * * * to pay for services to be provided in the state."

We need not decide whether that provision confers jurisdiction in this case, because, in an analogous situation, the Supreme Court held that "because of the due process restrictions of the Fourteenth Amendment, the rule cannot be constitutionally applied to provide that the plaintiff can obtain jurisdiction over defendant." *State ex rel Sweere v.*

---

[1] Plaintiff also joined Certified Aerospace, Inc., as a defendant. That claim was dismissed by stipulation.

*Crookham*, 289 Or 3, 11, 609 P2d 361 (1980). *See also* ORCP 4L.

■■■ Due process permits the exercise of personal jurisdiction over a nonresident defendant if the defendant has "minimum contacts" with the forum state. *State ex rel Michelin v. Wells, supra*, 294 Or at 300. It is the plaintiff's burden to prove the state's personal jurisdiction over the defendant. *State ex rel Sweere v. Crookham, supra*, 289 Or at 7. To establish minimum contacts, the plaintiff must show that (1) the defendant has purposefully availed itself of the privilege of acting in the forum state, (2) the cause of action arose from the consequences in the forum state of the defendant's activities, and (3) the defendant's activities or their consequences have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. *State ex rel White Lbr. v. Sulmonetti*, 252 Or 121, 127, 448 P2d 571 (1968); *Nike, Inc. v. Spencer*, 75 Or App 362, 373-74, 707 P2d 589, *rev den* 300 Or 451 (1985). Plaintiff relies solely on its allegations that the contract contemplated shipment of Votaw's freight through Oregon, and that the freight, in fact, travelled through Oregon.

That is not enough. Plaintiff's allegations do not establish that the cause of action arose from the consequences of Votaw's freight moving through Oregon, or that Votaw's activities or their consequences have a substantial connection to Oregon. The contract with plaintiff was not formed in Oregon, and no negotiations took place in Oregon. The entire business transaction arose out of agreements in California, Arizona and Washington. Votaw's alleged breach does not consist of an act that was, or should have been, performed in Oregon. Oregon has no substantively relevant contact to the cause of action. *Cf. State ex rel Michelin v. Wells, supra*, 294 Or at 302. Apart from the transitory presence of its freight in the state, Votaw has conducted no business in, nor had any other contact with, Oregon. Furthermore, the inconvenience of travelling to Oregon to defend this case would be substantial. Due process precludes Oregon's exercise of personal jurisdiction over Votaw under these circumstances.

Affirmed.