Argued and submitted April 29; resubmitted In Banc August 8, affirmed October 26, petition for review allowed December 27, 1994 (320 Or 492) See later issue Oregon Reports

George SUTHERLAND,
Conservator for Helen B. Sutherland,
*Appellant,*

*v.*

Enda BRENNAN,
*Respondent.*

(9210-07134; CA A80719)

883 P2d 1318

In Banc

Frank H. Hilton, Jr., argued the cause for appellant. With him on the briefs were Scott Howard, Maureen J. Michael and Schwab, Hilton & Howard.

Gregory B. Snook argued the cause for respondent. With him on the brief was Kilmer, Chenoweth, Voorhees & Laurick, P.C.

ROSSMAN, J.

Edmonds, J., dissenting.

## ROSSMAN, P. J.

Plaintiff appeals from a judgment that dismissed the case on the ground that defendant is not within the personal jurisdiction of the Oregon courts. We affirm.

Plaintiff, an Oregon resident, is the conservator for the estate of his elderly sister, Helen. Defendant is an attorney who resides and is licensed to practice law in California. He is not licensed to practice in Oregon. At the time of the events underlying this action, defendant had a client by the name of Steven Morrow.

On May 12, 1992, plaintiff traveled to California to escort Helen on a trip to Oregon. He learned that his sister was, in his words, "being kept from him" by Morrow, and also learned that she had signed over a check to Morrow in the amount of $40,000. Plaintiff contacted a local police department and Morrow was called in for questioning. On May 28, 1992, Morrow delivered the $40,000 check to his attorney, defendant, for safe keeping. Defendant opened a client trust account in California and deposited the check in it.

Local police officers notified defendant that a criminal investigation was being conducted into the circumstances surrounding Morrow's receipt of the $40,000 check from Helen. Defendant forwarded to the police department a copy of the trust account passbook showing the $40,000 deposit.

In June and July, 1992, defendant made several telephone calls to plaintiff's attorney in Portland, Oregon. The parties offer conflicting accounts of the content of the telephone conversations. According to plaintiff, defendant told plaintiff's attorney that defendant was aware that the $40,000 belonged to Helen. Defendant acknowledged that an Oregon conservatorship was being established, and he promised not to release the $40,000 to Morrow; he also promised that he would hold the funds and, once the conservatorship was established, he would release them to plaintiff for deposit into the conservatorship account. According to defendant, he did not initiate contact with plaintiff's attorney, except to respond to demands, made by that attorney to Morrow, to have Morrow's attorney call plaintiff's attorney. Defendant denies that he ever told plaintiff's attorney that he believed the money was Helen's, and denies that he said that he would

hold the money indefinitely or that he would hold it for the conservatorship. He states that his only promise was that, if there was a court order requiring transfer of the funds to the Oregon conservatorship, he would "attempt to get" his client to comply.

In October, 1992, Morrow requested that the $40,000 be returned to him, and defendant complied with that request. Defendant has not delivered any funds to plaintiff.

Plaintiff brought this action, alleging breach of contract, breach of fiduciary duty, conversion, and money had and received. He seeks $40,000 in compensatory damages and $20,000 in punitive damages. Defendant filed, *inter alia*, a motion to dismiss the action for lack of personal jurisdiction, ORCP 21A(2), and the trial court granted that motion. The case was dismissed with prejudice. Plaintiff appeals.

In reviewing the granting of a motion to dismiss for lack of personal jurisdiction, we assume the truth of all well pleaded allegations and any facts that may be adduced as proof of those allegations. *Marvel v. Pennington GMC, Inc.*, 98 Or App 612, 615, 780 P2d 760 (1989). Plaintiff bears the burden of alleging and proving the facts necessary to establish jurisdiction. *State ex rel Sweere v. Crookham*, 289 Or 3, 7, 609 P2d 361 (1980); *Showalter v. Edwards and Associates, Inc.*, 112 Or App 472, 476, 831 P2d 58, *rev den* 314 Or 391 (1992). In making findings as to the existence of those facts, the trial court may base its determination on the allegations contained in the pleadings and affidavits that are submitted by both parties. *Management Recruiters v. Harold Moore & Assoc.*, 118 Or App 614, 616, 848 P2d 644, *rev den* 317 Or 162 (1993); *see also Industrial Leasing Corp. v. Miami Ice Machine Co.*, 126 Or App 80, 84, 867 P2d 548 (1994); ORCP 21A. We construe those documents liberally, in favor of jurisdiction. *Sunrise Express v. Rhett Votaw & Co.*, 118 Or App 722, 724, 848 P2d 1255 (1993). Where, as here, the trial court made no express findings, we assume that the court found facts consistent with its judgment. *Management Recruiters v. Harold Moore & Assoc., supra*, 118 Or App at 616. We review the court's assumed factual findings to determine whether they are supported by "any competent evidence," *Industrial Leasing Corp. v. Miami Ice Machine Co.,*

*supra*, 126 Or App at 85, and we review its legal conclusion for errors of law. *See Horn and Horn*, 97 Or App 177, 180, 775 P2d 338, *rev den* 308 Or 465 (1989).

■ Oregon's "long-arm statutes" are contained in ORCP 4. Subsections B through K of ORCP 4 describe several categories of activities that provide bases for the exercise of personal jurisdiction. If a case falls within one of those categories, "there is no need to litigate [the] more involved issues of due process" that arise under ORCP 4L, the rule that extends Oregon jurisdiction to the farthest limits allowed by the constitution. *State ex rel Hydraulic Servocontrols v. Dale*, 294 Or 381, 384, 657 P2d 211 (1982).

■ Plaintiff first relies on ORCP 4C, which provides that Oregon courts have personal jurisdiction over the defendant in "any action claiming *injury to person or property* within or without this state *arising out of an act or omission within this state* by the defendant." (Emphasis supplied.) The "injury" in this case is the conservatorship's non-receipt of the $40,000, or, construing the pleadings liberally, the defendant's earlier failure to release those funds to the conservatorship. Both "acts" were the result of defendant's relinquishment of the $40,000 to his client, and both acts took place in California, not in Oregon.

Plaintiff also argues that jurisdiction is proper under ORCP 4C because the conservatorship was "injured" when defendant's telephone assurances caused plaintiff not to seek interim judicial remedies that might have preserved or protected the funds. Plaintiff relies on *Marvel v. Pennington GMC, Inc., supra*, for the proposition that personal jurisdiction extends to an out-of-state defendant whose false representations in Oregon are detrimentally relied on by an Oregon resident. In *Marvel*, a Colorado-based defendant placed an advertisement in a circular that was published and distributed in Oregon. The advertisement, which sought to sell a truck, contained misrepresentations that were relied on by plaintiff, an Oregon resident who purchased the truck.

There are two important differences between *Marvel* and the case at bar. First, the negotiations between the parties in this case were not initiated by defendant. *See Neptune Microfloc v. First Nat. Util.*, 261 Or 494, 495 P2d 263

(1972). Even if defendant placed the first call, it is undisputed that that call, and the subsequent telephone conversations, took place only at the behest of plaintiff's attorney. Second, the record is devoid of any evidence of action or inaction by plaintiff in reliance on defendant's representations, and devoid of any declaration that such reliance would have been reasonable. That is the type of evidence that plaintiff had the burden of providing, given his allegation that injury was caused by reliance on defendant's promises. *See State ex rel Sweere v. Crookham*, 289 Or 3, 9, 609 P2d 361 (1980) (no evidence of reliance). The record is also devoid of evidence that would allow the inference that defendant contacted plaintiff in an effort to lull plaintiff into the mistaken belief that no legal remedies needed to be pursued.

Next, plaintiff relies on ORCP 4A(4), which provides that Oregon courts may exercise personal jurisdiction over a defendant who is "engaged in substantial and not isolated activities within this state[.]" Plaintiff points to the fact that defendant owns several parcels of real property in Oregon. Although plaintiff alleges that, as a result of the property ownership, defendant's "conduct in Oregon has been and continues to be extensive," he provides no specifics regarding the nature of that conduct. To carry the burden of proving facts sufficient to establish jurisdiction, plaintiff cannot rest on "conclusory allegations." *Showalter v. Edwards and Associates, Inc., supra*, 112 Or App at 476. In any event, it is well established that the bare fact of real estate holdings, without more, cannot serve as the basis for establishing personal jurisdiction in an action that neither arises out of, nor relates to, defendant's property ownership. *Shaffer v. Heitner*, 433 US 186, 209, 97 S Ct 2569, 53 L Ed 2d 683 (1977); *see also* ORCP 4F. ORCP 4A(4) is inapplicable to this case.

Finally, plaintiff relies on ORCP 4L, "which extends the personal jurisdiction of Oregon courts to the maximum permitted by the federal and state constitutions," *Horn and Horn, supra*, 97 Or App at 179-80, and also relies on the related case of *State ex rel White Lumber v. Sulmonetti*, 252 Or 121, 448 P2d 571 (1968), which set out the three "requirements for the constitutional exercise of jurisdiction in a case involving a single transaction[.]" *Regal Manufacturing v.*

*Louisiana Glass, Inc.*, 83 Or App 463, 467, 731 P2d 1066, *rev den* 303 Or 454 (1987).

> "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *State ex rel White Lumber v. Sulmonetti, supra,* 252 Or at 127. (Citations omitted.)

Plaintiff relies on *Sulmonetti* for the proposition that defendant's act of placing an out-of-state telephone call (or a series of calls) to Oregon allows this state to exercise personal jurisdiction over defendant. That reliance is misplaced. Unlike the defendant in *Sulmonetti*, who called a lumber wholesaler in Oregon and ordered quantities of plywood to be manufactured here and sent out of state, defendant's actions in the present case do not constitute the type of acts with which one "purposefully avails" oneself of the privileges of acting or causing consequences in Oregon. *See State ex rel Circus Circus Reno, Inc. v. Pope,* 317 Or 151, 159, 854 P2d 461 (1993). Defendant placed a call to Oregon at the insistence of plaintiff's attorney. No benefit was conferred on him as a result of the alleged negotiations, and he was not unjustly enriched at plaintiff's expense. Further, defendant's activities did not have a "substantial enough connection" with Oregon to make the exercise of jurisdiction over him reasonable. His activities in Oregon were *de minimus* and did not invoke the benefits or protections of this state's laws. *See Hanson v. Denckla,* 357 US 235, 78 S Ct 1228, 2 L Ed 2d 1283 (1958). The obtaining, holding and releasing of the sought-after funds were all acts that occurred in California. There is no evidence that defendant visited Oregon in connection with this dispute or that he has previously engaged in any interstate transactions.

On these facts, an Oregon court's assertion of personal jurisdiction over defendant would not comport with notions of "fair play and substantial justice." *International Shoe Co. v. Washington,* 326 US 310, 66 S Ct 154, 90 L Ed 95 (1945). Accordingly, the trial court properly determined that it lacked personal jurisdiction over defendant in this action.

■ We will now address the dissenting opinion, which, although not entirely clear, appears to acknowledge that personal jurisdiction in this case depends upon the existence of an oral contract to deliver funds to an Oregon conservatorship.[1] In other words, if no promise was made by defendant and reasonably relied on by plaintiff, there is no basis for an Oregon court to exercise jurisdiction over defendant. Given that the two participants in the telephone conversations have proffered divergent accounts of those conversations, the existence of a promise can only be determined by making a credibility determination. In this case, the trial judge found defendant to be more credible, no doubt because of the improbability of a scenario in which one attorney relies on the oral promise of a second attorney that the second attorney will take his client's money out of a client trust fund and give it to the first attorney's client, believing that the latter is the rightful owner of the funds.[2] The trial court was authorized to make that finding pursuant to ORCP 21A, which provides that the court "may determine the existence or nonexistence of the facts supporting [a lack of personal jurisdiction] defense."

A court that is authorized to find facts will weigh the evidence and make a determination that in many cases will entail believing one party over another. The dissent, however, would have us hold that trial judges, when ruling on motions to dismiss for lack of personal jurisdiction, must deny those motions unless the court's decision that there are insufficient jurisdictional facts is based on "uncontroverted" facts. 131 Or App at 37. *There is no such limitation in the statute.* Understandably, the dissent cites no case law as authority for its proposition, because there is none. Indeed, the position now taken by the dissent was expressly rejected by this court

---

[1] Plaintiff's conversion and "money had and received" claims are based entirely on acts that took place in California. The only claims that could be said to involve Oregon are plaintiff's breach of oral contract and breach of fiduciary duty claims.

[2] The trial court may also have believed defendant's version of the facts because plaintiff did not dispute defendant's sworn statement that the only promise he made was that he would attempt to get his client to obey, if there was a court order requiring release of the funds. Plaintiff responded by submitting the affidavit of a police officer who stated that defendant had told the officer that he (defendant) would "notify" plaintiff before releasing the funds to his client. The trial court may have believed defendant's unrebutted statement that he made only one promise and may have concluded, correctly, that such a promise did not give rise to a contract.

in *Industrial Leasing Corp. v. Miami Ice Machine Co., supra*, 126 Or App at 84. Oregon trial courts would be placed in an untenable position if they were required to exercise personal jurisdiction over a defendant whenever there was a fact-based (as distinct from a purely legal) dispute over whether sufficient jurisdictional facts exist. If ORCP 21A were interpreted to require that cases proceed in an Oregon court whenever a defendant's "lack of personal jurisdiction" defense is based on facts that are controverted, plaintiffs would be able to avoid the defense in each case simply by disputing the facts on which the defendant relies. By creating an issue of fact regarding the presence or absence of jurisdictional facts, plaintiffs could ensure that courts would no longer be able to dismiss cases for lack of personal jurisdiction. In addition to limiting ORCP 21A in a manner which the legislature did not, the dissent's interpretation would create a judicial nightmare.

██ ██ The dissent also errs when it compares rulings on personal jurisdiction to rulings on motions for summary judgment. To grant a summary judgment motion is to decide and end the case. In that setting, it is obviously inappropriate for the judge to decide a material, disputed fact. On the other hand, to grant or deny a motion to dismiss for lack of personal jurisdiction is to determine whether it is permissible for an Oregon court to hear the case. In that circumstance, the judge serves a gatekeeper function that includes making findings, *i.e.*, weighing evidence, even if "the determination of jurisdiction is dependent on resolution of factual issues going to the merits[.]" *Industrial Leasing Corp. v. Miami Ice Machine Co., supra*, 126 Or App at 84; *see also Showalter v. Edwards and Associates, Inc.*, 112 Or App 472, 831 P2d 58, *rev den* 314 Or 391 (1992). When faced with a Rule 21A(2) motion, a trial court can make a credibility finding that results in a plaintiff's complaint being dismissed. *See Management Recruiters v. Harold Moore & Assoc., supra*. To hold otherwise would allow any non-Oregon defendant to be hauled into court in Oregon regardless of the spuriousness of the allegation that there is a connection between the defendant and this state.

██ Finally, the dissent makes the specious argument that, to allow a trial court to decide the credibility of witnesses on a motion to dismiss for lack of personal jurisdiction is to

deny a plaintiff his or her constitutional "right of trial by jury[.]" Or Const Art I, § 17. Plaintiff has not been denied a jury trial. At most, he has been denied a trial involving these claims against this defendant *in Oregon*. His right to pursue the matter in the California courts is unaffected.

Affirmed.

**EDMONDS, J.,** dissenting.

Plaintiff filed an amended complaint in which he alleged a claim for breach of contract. In the claim, plaintiff asserts that defendant entered into an oral agreement to deliver $40,000 to an Oregon conservatorship when it was established. He alleges, in part:

"4.

"During these conversations [the telephone calls made by defendant to plaintiff], defendant Brennan repeatedly represented to and assured plaintiff's attorney that defendant was aware that the funds belonged to Helen Sutherland and that a conservatorship in Oregon was being established for receipt of the $40,000 held by defendant. Defendant further represented to plaintiff's attorney that he would not release the trust funds to his client, Stephen Morrow, but would instead hold the funds for Helen Sutherland pending establishment of the conservatorship. Defendant stated to attorney Howard that *when the conservatorship was established in Oregon, defendant would release the funds to plaintiff for deposit into the Oregon conservatorship account.*

"* * * * *

"6.

"[D]efendant has failed and refused and continues to fail and refuse *to deliver the funds held by him in trust for Helen B. Sutherland to the conservatorship established on her behalf* * * *." (Emphasis supplied.)

Plaintiff's complaint prays for judgment for $40,000.

In response to the claim, defendant moved under ORCP 21A for an order dismissing the complaint with prejudice on the basis that the Oregon court lacked personal jurisdiction over defendant. *See* ORCP 21A(2). In support of that motion, defendant filed an affidavit that said, in part:

"2. I am a resident of Santa Cruz, California, and am licensed to practice law in California. I am not licensed nor have I practiced in Oregon.

"3. I own real property in the State of Oregon.

"4. The subject matter of this lawsuit is in no way whatsoever related to the real property I own in Oregon.

"5. In my capacity as a California attorney, I received funds from a longstanding client to be placed in my trust account. The client in question, Steve Morrow, is a California resident. I received the funds from Mr. Morrow, not Ms. Sutherland, in Santa Cruz, California, and placed them in my Santa Cruz, California, trust account.

"6. I participated in several telephone calls with Mr. Howard of Oregon because Mr. Howard demanded that Mr. Morrow have his attorney contact him. I never told Mr. Howard that I believed the money to be Ms. Sutherland's. I did tell Mr. Howard that if a court ordered the funds delivered to a Sutherland conservatorship, I would attempt to get my client to comply. I did not say I would hold the funds indefinitely or for Ms. Sutherland.

"6.[*sic*] I am informed by my client and by plaintiff's attorney, Mr. Howard, that these funds, $40,000, were provided to Mr. Morrow by the California resident, Helen Sutherland.

"7. The funds in question remained in my California trust account until my client, Mr. Morrow, made written demand for their return. I followed the instructions and transferred the funds to Mr. Morrow in Santa Cruz, California.

"8. At the time of the transfer of funds back to Mr. Morrow, I had no knowledge, written or otherwise, of a demand by an Oregon established conservatorship for the funds."

The trial court granted defendant's motion, and plaintiff appeals arguing that because the allegations in the complaint must be taken as true, the trial court exceeded its authority under ORCP 21A(2) when it dismissed the complaint with prejudice.

The majority holds that Oregon does not have personal jurisdiction over defendant pursuant to ORCP 4. In paragraphs 4 and 6, plaintiff has alleged a breach of an oral contract to release funds to a representative of an Oregon

conservatorship. Those facts, as alleged, vest jurisdiction in the circuit court under ORCP 4L.[1] In *State ex rel White Lumber v. Sulmonetti*, 252 Or 121, 127, 448 P2d 571 (1968), the Supreme Court stated the criteria for applying ORCP 4L, Oregon's long-arm statute. The facts as alleged in this case, meet those criteria. First, a defendant must cause the important consequences within the State of Oregon. When a promise is made by a resident of another state to an Oregon resident to deliver funds to an Oregon conservatorship, the requisite consequences in Oregon occur. Second, the cause of action must arise from the consequences of the defendant's activities. In this case, the claim arises from the alleged breach of defendant to perform his promise to deliver money to an Oregon conservatorship. Third, the activity must have a substantial enough connection with Oregon to make the exercise of jurisdiction over the defendant reasonable. That requirement is also met by the facts as alleged.

The majority reaches its result by ignoring the allegations in the complaint and focusing on defendant's affidavit. For purposes of a motion under ORCP 21A(2), we are required to assume the truth of all of the allegations in the complaint and any facts that might conceivably be adduced as proof of such allegations. *See Brennan v. City of Eugene*, 285 Or 401, 405, 591 P2d 719 (1979). In substance, defendant's affidavit avers that, although he participated in telephone calls with plaintiff's attorney, he did not tell plaintiff's attorney that he believed the money to be the property of Helen B. Sutherland. Defendant also denies that he told plaintiff's attorney that, if a court ordered the funds delivered to a conservatorship, he would attempt to get his client to comply. Finally, defendant denies stating that he would hold the funds indefinitely or hold them for Sutherland. These statements conflict with the allegations in the complaint.

ORCP 21A provides, in part:

"If, on a motion to dismiss [for lack of personal jurisdiction or other enumerated grounds], the facts constituting such

---

[1] ORCP 4L provides:

"Notwithstanding a failure to satisfy the requirement of sections B through K of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present evidence and affidavits, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits."

The majority is correct that ORCP 21 says that the court may determine the existence of facts that do not appear on the face of the complaint. However, the majority is wrong when it holds that the rule permits the determination of personal jurisdiction by making a finding that an affiant's information in an affidavit is more credible than the allegations in a plaintiff's complaint. The reference in the rule must refer to situations where the jurisdictional facts are uncontested because the contrary position is inconsistent with the traditional understanding about what issues are resolvable under motions that attack the sufficiency of pleadings. ORCP 21 was promulgated to function as a replacement for a demurrer, a plea in abatement or a motion to quash, as defined by former pleading statutes. Kirkpatrick, *Motion Practice and Amendments; ORCP 21 and 23*, Oregon Civil Procedure Rules 1980, at 251 (1979).

To make a challenge to a pleading based on the lack of jurisdiction before the adoption of ORCP 21, required the moving party to either demur or file a plea in abatement. *See Silbaugh v. Guardian B. & L. Ass'n*, 164 Or 286, 97 P2d 943, 99 P2d 1017, 101 P2d 240 (1940). A demurrer could be granted only if the jurisdictional defect appeared on the face of the pleading. 164 Or at 300. Here, the purported defect of lack of personal jurisdiction does not appear on the face of plaintiff's complaint, and the complaint is not demurrable on that basis. The object of a plea in abatement was to show to the court some fact that did not appear in the pleadings. *Houston v. Briggs*, 246 Or 439, 444, 425 P2d 748 (1967). The purpose of a plea in abatement was to delay the right to sue by defeating a particular action. *Winters v. Grimes*, 124 Or 214, 264 P 359 (1928). If, in fact, the relief that a movant sought was equivalent to a plea in bar (a responsive pleading under ORCP 19), then the trial court was required to overrule the plea in abatement. *See De Young v. Robertson*, 133 Or 240, 289 P 1051 (1930).

Here, the relief that defendant seeks is dismissal of plaintiff's complaint with prejudice. The essence of his position is that because the facts in his affidavit are true, an Oregon court will never have jurisdiction over him regarding this dispute. His motion to dismiss is tantamount to a plea in bar. Thus, under former law, a trial court in this state was not authorized to undertake the kind of factfinding mission that defendant's attack against plaintiff's pleading requires because such a challenge did not constitute a plea in abatement or a demurrer.[2]

Alternatively, under the former law, if a defendant wished to contest personal jurisdiction on the facts before trial, he could move to quash service. That procedure provided for the consideration of evidence by the court, and the appellate court reviewed for whether there was any evidence to substantiate the court's ruling in the event that the trial court denied the motion and the movant sought relief by way of mandamus. *See State ex rel Ware v. Hieber*, 267 Or 124, 515 P2d 721 (1973). Here, no motion tantamount to a motion to quash was filed.[3] Defendant's motion said,

---

[2] The Oregon Supreme Court, as well as this court, have held that a cause of action may not be dismissed under ORCP 21 when a factual dispute exists. In *Melvin v. Kim's Restaurant, Inc.*, 308 Or 177, 182, 776 P2d 1286 (1989), the court held that disputed factual issues under ORCP 21A(8) cannot be decided on a motion to dismiss for failure to state a claim. Likewise, this court in *McClaflin v. Wright*, 101 Or App 10, 13, 788 P2d 1027 (1990), held that, where the merits of a petition were not before the court on a motion to dismiss for lack of subject matter jurisdiction under ORCP 21A(1), the trial court erred in dismissing on the merits without affording the petitioner the opportunity to present evidence or to otherwise be heard on the claim.

[3] The federal counterpart to ORCP 21A for purposes of establishing personal jurisdiction is Federal Rules of Civil Procedure (FRCP), Rule 12(b)(2). The analysis in *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F 2d 1280, 1285 (9th Cir 1977), regarding the federal rule is instructive:

"It is clear that the party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. Yet the quantum of proof required to meet that burden may vary, depending upon the nature of the proceeding and the type of evidence which the plaintiff is permitted to present.

"A defendant may move, prior to trial, to dismiss the complaint for lack of personal jurisdiction. Because there is no statutory method for resolving this issue, the mode of its determination is left to the trial court. The limits which the district judge imposes on the pre-trial proceedings will affect the burden which the plaintiff is required to meet.

"If the court determines that it will receive only affidavits or affidavits plus discovery materials, these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss. Any greater burden—

> "Plaintiff has alleged only that defendant participated in several phone calls with Howard in Oregon. That is an insufficient basis to assert personal jurisdiction over defendant. Defendant participated in these interstate phone calls solely because Mr. Howard insisted upon it."

Moreover, if the allegations by the parties had been considered as part of a summary judgment record, those circumstances would preclude summary judgment as a matter of law under ORCP 47. It is incongruous to believe that the legislature intended that a litigant could be ousted from court on a credibility issue on the basis of a conflict between a pleading and an affidavit when such relief could not even be afforded under a summary judgment proceeding; a limited evidentiary procedure. However, the majority says:

> "Oregon trial courts would be placed in an untenable position if they were required to exercise personal jurisdiction over a defendant whenever there was a fact-based (as distinct from purely legal) dispute over whether sufficient jurisdictional facts exist. If ORCP 21A were interpreted to require that cases proceed in an Oregon court whenever a defendant's 'lack of personal jurisdiction' defense is based on facts that are controverted, plaintiffs would be able to avoid the defense in each case simply by disputing the facts on which the defendant relies. By creating an issue of fact regarding the presence or absence of jurisdictional facts, plaintiffs could ensure that courts would no longer be able to dismiss cases for lack of personal jurisdiction. In addition to limiting ORCP 21A in a manner which the legislature did not, the dissent's interpretation would create a judicial nightmare."
> 131 Or App at 33.

---

such as proof by a preponderance of the evidence—would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials. Thus a plaintiff could not meet a burden of proof requiring a preponderance of the evidence without going beyond the written materials. Accordingly, if a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.

"If a plaintiff make [*sic*] such a showing, however, it does not necessarily mean that he may then go to trial on the merits. If the pleadings and other submitted materials raise issues of credibility or disputed questions of fact with regard to jurisdiction, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues. In this situation, where plaintiff is put to his full proof, plaintiff must establish the jurisdictional facts by a preponderance of the evidence, just as he would have to do at trial." (Citations omitted; footnotes omitted.)

"Not to worry!" That's what pretrial evidentiary hearings or bifurcated trials are for. Although, jurisdiction is a question of law, it could turn on facts that are in dispute. As to those facts, plaintiff has the burden of proof. *See Horn and Horn*, 97 Or App 177, 180, 775 P2d 338, *rev den* 308 Or 465 (1989). The majority opinion deprives plaintiff of the opportunity to persuade the trial court that the facts alleged in the complaint are true and to put on evidence to support his allegations. In addition, ORCP 21G(1) specifically contemplates that a trial court can determine personal jurisdiction on basis of a responsive pleading:

> "A defense of lack of jurisdiction over the person, * * * is waived under either of the following circumstances: (a) if the defense is omitted from a motion in the circumstances described in section F of this rule, or (b) if the defense is neither made by motion under this rule *nor included in a responsive pleading.* * * *"[4] (Emphasis supplied.)

The majority also says, "the position now taken by the dissent was expressly rejected by this court in *Industrial Leasing Corp. v. Miami Ice Machine Co.,* [126 Or App 80, 867 P2d 548 (1994)]." 131 Or App at 33. In that case, the plaintiff appealed from a judgment dismissing its complaint under ORCP 21A(2). The issue was whether personal jurisdiction existed because the defendant had accepted benefits under an agreement that said that the parties had agreed that a court of general jurisdiction in Oregon would have jurisdiction in the event of legal action. We reversed, and said:

> "Plaintiff acknowledges that ORCP 21A contains language authorizing the court to make findings necessary to determine the existence of personal jurisdiction. Nevertheless, it insists that the rule was not intended to permit the court to exercise that authority when the facts necessary to determine jurisdiction also constitute the facts necessary to determine the merits of the case. In such cases, plaintiff argues, final determination of the facts must await trial, unless defendant can establish that it is entitled to prevail as a matter of law.

---

[4] ORCP 21F requires the consolidation of motions and the failure to consolidate will constitute a waiver of the right to later raise certain motions. It also provides, "[a] party may make one motion to dismiss for lack of jurisdiction over the person * * * without consolidation of defenses required by this section."

"We recently rejected a similar argument in *Showalter v. Edwards and Associates, Inc.*, 112 Or App 472, 831 P2d 58, *rev den* 314 Or 391 (1992). In that case we held that, even when the determination of jurisdiction is dependent on resolution of factual issues going to the merits, the trial court is not required to defer its determination of the jurisdictional facts until trial. To the contrary, we said that, as the rule provides, the trial court may determine the jurisdictional facts at the time of the motion to dismiss. 112 Or App at 475 n 1.

"Plaintiff argues that, *regardless of whether the trial court was permitted to weigh the evidence, it erred in concluding that the facts were insufficient to establish personal jurisdiction. On that issue we agree with plaintiff.* We review the trial court's assumed findings for any competent evidence, and the legal conclusions that it drew from those findings as a question of law. * * * *Under the circumstances, it is undisputed, at least for the purposes of this motion, that [the] defendant accepted the benefits of the assignment agreement* and, therefore, is bound by its terms." 126 Or App at 84-85. (Citation omitted; emphasis supplied.)

A careful reading of the above language demonstrates that we did not decide whether it was error for the trial court to weigh the evidence. Rather, we held that the facts found by the trial court were sufficient to establish personal jurisdiction. Moreover, we did not decide that issue in *Showalter*. There, we affirmed the trial court's dismissal of the claim for lack of jurisdiction under ORCP 21A(2). The plaintiff argued that, because the question of jurisdiction was dependant on the resolution of factual issues going to the merits, the jurisdictional determination should await a trial, and the correct standard under ORCP 21 was the standard applicable to a motion for summary judgment. We held that the issue of whether there was an agreement between the plaintiff and the defendant "goes to the merits of plaintiff's claim, but [the] resolution of that issue is not required to determine the jurisdiction inquiry." 112 Or App at 476. We construed the plaintiff's pleadings and affidavits liberally in support of jurisdiction and concluded that the plaintiff had not met his burden of alleging and proving facts sufficient to establish jurisdiction.

In contrast to those cases, plaintiff's complaint alleges facts on its face that, if true, establish personal jurisdiction over

defendant. The majority also cites *Management Recruiters v. Harold Moore & Assoc.*, 118 Or App 614, 848 P2d 644, *rev den* 317 Or 162 (1993). It is correct that that case involved controverting affidavits which raised a credibility issue concerning the affiants, and that we assumed, based on the trial court's refusal to exercise jurisdiction, that it did not believe one of the affiants. However, we did not discuss whether the trial court was authorized to make a finding of fact under those circumstances. Interestingly, we made reference to *St. Paul Fire & Marine Ins. v. Valley Ins.*, 93 Or App 457, 762 P2d 1048 (1988). In that case, the defendant assigned as error the denial of its motion for summary judgment. The trial court, sitting without a jury, made a general finding in favor of the plaintiff on the merits. We said that because the case was tried on the merits, we would not review the court's denial of the defendant's motion for summary judgment and that we assumed that the court found facts consistent with its judgment in the plaintiff's favor. If our holding in *Management Recruiters* constitutes support for the proposition that, based on an ORCP 21A(2) motion, a trial court can make a credibility finding by comparing the contents of an affidavit with the allegations of a complaint, we should overrule it.

In summary, the majority opinion makes the issue of personal jurisdiction in this case turn on whether plaintiff's complaint or defendant's affidavit is to be believed. It is inconceivable that that decision should be made on the basis of two pieces of paper, a pleading and an affidavit. Yet, that is the proposition that the opinion stands for. I submit that ORCP 21A does not authorize what the trial court did here. On the factual issue of whether defendant made a promise to deliver $40,000 to an Oregon conservatorship, plaintiff is entitled to an evidentiary hearing.[5] The trial court should

---

[5] In interpreting FRCP 12(b)(2), and discussing an issue remarkably similar to the issue in this case, the court in *Val Leasing, Inc. v. Hutson*, 674 F Supp 53, 55 (D Mass 1987), stated:

"The trial judge makes no credibility determination in resolving the jurisdictional issues; he simply scrutinizes the affidavits and other competent evidence to determine whether the plaintiff has made a *prima facie* demonstration of the existence of the requisite jurisdictional facts. *See O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir. 1971).

"It follows, therefore, that the determination by a trial judge that the court has personal jurisdiction over a defendant does not purport to settle any disputed factual issues germane to the underlying substantive claim. What is

have denied defendant's motion with leave to raise the defense of lack of personal jurisdiction through a responsive pleading. Then, after a proper hearing, the trial court could make a determination as to whether plaintiff had met his burden of proof regarding the issue.

I dissent. Joined by Richardson, C. J., Deits, and Haselton, JJ.

---

settled is the court's power to exercise personal jurisdiction over a defendant, nothing more. Were this not the case, a plaintiff would be precluded by a preliminary judicial ruling from litigating disputed facts germane to the underlying substantive claim—surely a grave encroachment on the right to trial by jury guaranteed by the Seventh Amendment. *See North American Video Corp. [v. Leon],* 480 F.Supp. [213] at 216 [(1979)]."